UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| HERBERT LEE BELL, | ) C/A No. 4:12-2555-RBH-TER |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| MICHAEL McCALL, WARDEN OF LEE CORRECTIONAL INSTITUTION, | ) ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

Petitioner, Herbert Lee Bell (Petitioner/Bell), is currently incarcerated at the Lee Correctional Institution. Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on September 5, 2012. Respondent filed a motion for summary judgment on February 6, 2013. On February 7, 2013, Respondent filed an amended return and memorandum. (Docs. #28 and #29). The undersigned issued an order filed February 11, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #30). Petitioner filed a response in opposition on March 5, 2013. (Doc. #33).

Also, before the court is a motion for default judgment filed by Petitioner on December 17, 2012.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## DEFAULT JUDGMENT

Petitioner filed a motion for default judgment asserting that Respondent's response was due on December 3, 2012, based upon the court's order of October 12, 2012, authorizing service of process. Petitioner contends that Respondent failed to file the return by December 3, 2012, but filed a motion for extension on December 6, 2012. Respondent filed a response in opposition to this motion.

Based on the court's docket sheet, the court entered an Order authorizing service of process on October 12, 2012. The date for the return to be filed was set as December 6, 2012. (Doc. #7). On December 6, 2012, Respondent filed a motion for a thirty (30) day extension of time to file an answer, until January 7, 2013. This motion was granted on December 7, 2012. (Doc. #12). On January 7, 2013, Respondent filed a second motion for extension of time to file the return until February 6, 2012. On January 28, 2013, this motion was granted without an objection. (Doc. # 24). Respondent filed the return and memorandum on February 6, 2012. Accordingly, it is recommended that Petitioner's motion for default judgment (doc. #16) be denied.

## PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in his memorandum has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

The Petitioner, Herbert Lee Bell, is presently confined at the Lee Correctional Institution pursuant to orders of commitment from the Clerk of Court for Sumter County as the result of his Sumter County conviction, after a trial *in abstentia*, for trafficking in crack cocaine in an amount

greater than 200 grams but less than 400 grams. The Sumter County Grand Jury indicted Bell and his two co-defendants at the February 19, 2004, term of court for trafficking in crack cocaine in an amount greater than 200 grams but less than 400 grams. (04-GS-43-180). App. 401-02. Charles T. Brooks, III, Esquire, represented him on these charges.

On March 7-8, 2006, Petitioner received a jury trial *in absentia* on this charge before the Honorable Clifton Newman. The jury convicted him of the charged offense, and Judge Newman entered a sealed sentence. App. 1-303. On June 7, 2006, the Honorable Steven H. John held a sentencing proceeding. He unsealed the previously sealed sentence and sentenced Bell, in accordance with the earlier sentence, to twenty-five years imprisonment and a $ 100,000.00 fine. Again, Mr. Brooks represented him. App. 303-04

Bell timely served and filed a notice of appeal. See State v. Robinson, 287 S.C. 173, 337 S.E.2d 204 (1985) (where a defendant is tried *in abstentia*, an appeal may not be taken until the sealed sentence is opened and read to the defendant); State v. Washington, 285 S.C. 457, 330 S.E.2d 289 (1985) (same). Assistant Appellate Defender Lanelle C. Durant represented him on direct appeal before the South Carolina Court of Appeals.

On November 13, 2007, Bell filed his Final Brief of Appellant, in which he presented the following issues for review:

> 1. Did the trial court err in proceeding with Appellant's trial in his absence when the State failed to prove that appellant had notice that his trial would proceed in his absence?
>
> 2. Did the trial court err in not granting a mistrial when the state failed to provide their expert's fingerprint report?

Final Brief of Appellant at p. 3. The State filed a Final Brief of Respondent on October 2, 2007. Assistant Attorney General Norman Mark Rapoport represented the State on direct appeal.

The South Carolina Court of Appeals affirmed Bell's conviction and sentence on May 7, 2008. App. 306-13. It sent the Remittitur to the Sumter County Clerk of Court on May 23, 2008.

Bell filed a *pro se* Post-Conviction Relief (PCR) Application on November 9, 2006. Petitioner alleged the following grounds for relief in his Application:

1. Ineffective assistance of trial counsel; and

2. Violation of Due Process.

App. 314-18. The State filed its Return on September 12, 2008. App. 319-23.

The Honorable R. Ferrell Cothran held an evidentiary hearing into the matter on October 26, 2009, at the Sumter County Courthouse. Petitioner was present at the hearing; and Edgar R. Donnald, Jr., Esquire, represented him. Assistant Attorney General Mary S. Williams represented the State. Bell testified on his own behalf and he presented the testimony of trial counsel, Mr. Brooks. App. 324-81.

On December 30, 2009, Judge Cothran filed an Order of Dismissal, in which he denied relief and dismissed the Application with prejudice. The Order of Dismissal addressed Bell's claims that trial counsel was ineffective because he failed to conduct an independent investigation and additional investigation could have led to a finding that the search warrants were not valid. App. 383-90.

Bell timely served and filed a notice of appeal. After the notice of appeal had been filed, Bell (through Mr. Donnald) filed a Motion for Reconsideration on January 21, 2010. App. 393-95. In this motion, collateral counsel alleged that the PCR judge had not addressed the following:

a.) Violation applicant's U.S. Constitution fourth (4th) amendment.

b.) Violation applicant's U.S. Constitution fourteenth (14th) amendment.

c.) Trial counsel was ineffective for failing to change (sic) during pretrial applicant['s] invalid arrest.

d). Trial counsel was ineffective for failing to introduce during pretrial witnesses exculpatory testimony to reinforce the fact there was no probable cause established [to] arrest applicant.

e.) Trial counsel was ineffective for failing to make an independent investigation of the facts and circumstances specifically regarding applicant['s] invalid arrest.

f.) Trial counsel was ineffective for failing to "quash" indictment during pretrial because of violation of applicant's fourth and fourteenth amendments.

g.) Trial counsel was ineffective for failing to file a motion "with prejudice" during pretrial due to the violation[] of applicant['s] fourth and fourteenth amendments.

(App. 393-394).

However, a copy of this motion was not sent to the PCR judge. Rather, it was sent in error to another judge. Contra Rule 59(g), SCRCP ("A party filing a written motion under this rule shall provide a copy of the motion to the judge within ten (10) days after the filing of the motion"). Also, Respondent was not served with this motion. That motion was thus denied by the judge on whom it was served. App. 391; 399.

Collateral counsel then filed a "Notice of Motion and Motion for Reconsideration," pursuant to Rules 59(e) and 60(b), SCRCP, on September 13, 2010, including the earlier motion as an exhibit. App. 391-95. The State filed a Return to Motion to Alter or Amend Denial of PCR Petition. App. 396-98. The State took the position that Bell's motion was untimely and should be summarily dismissed. Alternatively, the State argued that the motion should be denied because the Order of Dismissal "contains the required findings of facts and conclusions of law as required by S.C. Code Ann. § 17-27-80 (1976), and Rule 52(a) SCRCP. See also, McCray v. State, 305 S.C. 329, 408 S.E.2d 241 (1991)." App. pp. 396-97.

The PCR judge denied the motion in an Order filed on November 30, 2010, captioned, "Order Denying Applicant's Motion [...]To Alter Or Amend," in which he found "that [there is] no basis for altering or amending [its] prior ruling." App. 399-400.

Assistant Appellate Defender Elizabeth A. Franklin-Best represented Bell in collateral appellate proceedings. On July 14, 2011, Ms. Franklin-Best filed a Johnson Petition for Writ of Certiorari1 on Bell's behalf and petitioned to be relieved as counsel. The only Question Presented in the Johnson Petition was stated as follows:

> Did the PCR judge err when he found that trial counsel rendered effective assistance of counsel when counsel did not perform additional investigation regarding the validity of the search warrant which, had it been performed, would have resulted in a successful motion to suppress the drugs which petitioner was charged with trafficking?

Johnson Petition for Writ of Certiorari at p. 2.

On September 1, 2011, Bell filed a *pro se* response, in which he raised the following issues:

1. Did the pcr judge err in denying relief despite trial counsel's ineffectively failed to make an objection to petitioner's invalid arrest, during pre trial.

2. Did the pcr judge err in denying relief despite trial counsel['s] ineffectively fail[ing] to introduce pretrial witness testimony to support petitioner's invalid arrest.

3. Did the pcr judge err in denying relief despite trial counsel['s] ineffectively fail[ing] to make an independent investigation of the facts and circumstances surrounding petitioner's invalid arrest.

4. Did the pcr judge err in denying relief despite trial counsel['s] ineffectively fail[ing] to file a motion with prejudice against the state to dismiss all charges due to petitioners invalid arrest.

5  Did the pcr judge err in denying relief despite trial counsel['s] ineffectively fail[ing] to file during pretrial a motion to quash indictments due to petitioners invalid arrest.

6

The South Carolina Supreme Court filed an Order denying certiorari and granting counsel's petition to be relieved on July 30, 2012. It sent the Remittitur to the Sumter County Clerk of Court on August 17, 2012.

## HABEAS ALLEGATIONS

Petitioner filed his petition on September 5, 2012, in which he raises the following allegations, quoted verbatim:

| | |
|---|---|
| GROUND ONE: | Trial counsel was ineffective for failing to challenge/object during pretrial to applicant's invalid arrest. |
| SUPPORTING FACTS: | See attached (*pro se* Petition for Writ of Certiorari) in such counsel agrees that applicant was arrested without probable cause. Applicant's Federal transcript which was marked as Exhibit No. 1 in pcr hearing is applicant support. (See *pro se* petition issue 1, pgs. 1-3). The Judge ruled that trial counsel performance was well within reasonable professional norms. Applicant has failed to demonstrate prejudice (App. pgs. 389 and 390). PCR Judge is in total violation of the pcr S.C. Code Ann. Section 17-27-80 by not giving any ruling on issues. |
| GROUND TWO: | Trial counsel was ineffective for failing to introduce during pretrial witnesses exculpatory testimony to reinforce there was no probable cause to arrest. |
| SUPPORTING FACTS: | See attached (*Pro se* Petition for Writ) in such counsel admits he didn't question any other witnesses during pre-trial or trial when he had the federal transcript with officers from Sumter County Law Enforcement admitting they had no arrest warrants at the time of applicant's arrest. (Federal trans. was mark as Exhibit No.1) in the pcr hearing (*pro se* Petition issue 2, pgs. 3-6). PCR Judge ruled that counsel's negligence did fall below professional standards (App. pgs. 389 and 390), violation of 17-27-80. |

7

| | |
|---|---|
| GROUND THREE: | Trial counsel was ineffective for failing to make an independent investigation of the facts and circumstances of the invalid arrest. |
| SUPPORTING FACTS: | See attached (*pro se* Petition for Writ of Certiorari) in such counsel admits to calling the arrest illegal but does not question law enforcement about making the illegal arrest. Thus he had the federal transcript to support his investigation (*pro se* Petition issue 3, pgs. 6-13). PCR Judge indicated applicant asserted counsel should have investigated the validity of search and counsel, performance was reasonable (App. 389 and 390), violation of 17-27-80. |
| GROUND FOUR: | Trial counsel was ineffective for failing to file a motion with prejudice during pretrial due to the violations of applicant's 4th and 14th amendments. |
| SUPPORTING FACTS: | See attached (*pro se* Petition for Writ of Certiorari) in such counsel admits he didn't file any pretrial motions after he knew the arrest was illegal. (*pro se* Petition issue 4, pgs. 13-17). PCR Judge ruled search warrant (App. pg. 387). Note: See Attachment for applicant's fifth issue, also find documents that were filed by applicant to the Honorable Court as well other documents filed to the Supreme Court of South Carolina, and also the federal dismissal order of Matthew Perry, violation of 17-27-80 of PCR code. |
| GROUND FIVE: | Trial counsel was ineffective for failing to move during pretrial for the court to "Quash" Petitioner's indictment due to the arresting officers violating his Fourth (4th) and Fourteenth (14th) United States constitution[al] rights. |
| GROUND SIX: | Violation of Petitioner's Sixth (6th) Amendment United States Constitution[al] right to effective assistance of counsel, and his Fourth (4th) AND Fourteenth (14th) amendments. |

(Petition).

## STANDARD OF REVIEW

8

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## PROCEDURAL BAR

The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith

v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Syke s, 433 U.S. at 84 (1977)). See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with

state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See <u>Murray v. Carrier</u>, 477 U.S.478, 496 (1986).

## ANALYSIS

<u>GROUNDS ONE-FOUR, AND SIX</u>

Respondent argues that although the grounds are listed as six separate grounds, Petitioner only raises two distinct allegations. In Grounds One-Four and Ground Six, Petitioner alleges that trial counsel was ineffective for not performing further investigation for the validity of his arrest including additional witnesses whose testimony would have allegedly supported the absence of probable cause to arrest. Petitioner further alleges that further investigation would have resulted in the suppression of all evidence. Respondent concedes that this issue was exhausted in state PCR. In Ground Five, Petitioner alleges counsel was ineffective for not moving to quash the indictment based upon the alleged violation of Petitioner's Fourth Amendment rights, that the marked money evidence was obtained pursuant to an illegal arrest. Respondent concedes that the exhaustion requirement was satisfied with regards to this issue.

In Grounds One-Four and Ground Six, the issue is the same so that these will be discussed together. As previously stated, in these grounds, Petitioner argues that trial counsel was ineffective for not performing further investigation which he alleges would have resulted in a successful motion to suppress all of the evidence and find that there was no probable cause to arrest.

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court

adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland, supra, the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added.)

In Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000), *quoting* Strickland at 694, the Court held that "[to] establish ineffectiveness, he [a defendant] 'must show that counsel's representation fell below an objective standard of reasonableness, and to establish prejudice he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Thus, the Court confirmed that the correct standard for judging ineffective assistance of claims is the Strickland standard.

Respondent asserts that state PCR court's factual findings are not objectively unreasonable and was "not contrary to" and did not involve an "unreasonable application" of clearly established law. In his response in opposition to summary judgment, Petitioner argues that, "[i]f trial counsel would had moved to have the drug evidence suppressed on the grounds that the officers lacked investigating authority to go to the residence across the street [when they had a search warrant for only the trailer]; along with the fact Petitioner was accosted, unlawfully detained and searched and his money was unlawfully taken, it would had established a Fourth (4th) Amendment violation that would had given the trial court basis to suppress the drug evidence and dismiss Petitioner's case." (Response, doc. # 33 at 6).

In the order of dismissal, the PCR judge concluded the following facts were adduced at trial:

> Applicant was tried in his absence. Police obtained a search warrant for ---- Rd. (----a mobile home), following a series of purchases of crack cocaine by a confidential

13

informant. Purchases had been made from Reggie Robinson ("Robinson") and Alexander Lewis ("Lewis") at -----. Before the warrant was executed, the confidential informant was sent to ----to confirm that drugs were present, but no one was home. As the informant left with police, a man in coveralls, later identified as Lewis, came out of a house across the street,----Rd. and directed the informant to return later. When the informant returned, Lewis again came out of ---- and told the informant to return. The informant returned to ---- round 2:00 p.m. and purchased crack cocaine from Lewis.

When the warrant was executed, Robinson and Lewis were apprehended at ----. Inside ---- police found a chair near a window and a walkie-talkie near the chair. Crack cocaine was found inside a matchbox, an aspirin bottle, and inside a jar; the total amount in ---- was over 74 grams. ---- was sparsely furnished. Among the items found in ---- were an electric bill in the name of Rasheka Bell, an appointment card and receipt belonging to Lewis, and a cash ticket for a rollaway bed made out to Applicant. Police set up a reverse sting and operated out of ---- until the back yard was filled with cars of would-be buyers.

When the warrant was executed at ---- an officer was sent to ---- to look for the man in coveralls that had approached the informant's car earlier in the day. Applicant was at ---- and agreed to accompany the officer across the street to ----. Inside ---- the officer observed that a chair faced a window with a view of ---- and a walkie-talkie near the chair. A search warrant was obtained for ----. Inside ---- there was very little to indicate anyone living in the resident. In the dishwasher, police discovered glass and Pyrex dishes used for making crack cocaine and a large jar containing 227.03 grams of crack cocaine. Fingerprint analysis on the jar revealed Applicant's and Robinson's fingerprints. Other items found inside ---- included a television and video game system, a rental agreement for ---- made out to Lewis, a rental agreement and electric bill in the name of Michael Lewis for ----, a PTI application for Robinson, and Applicant's insurance card, the walkie talkies in ---- and ---- were set to the same channel.

Lewis, Applicant's uncle, testified at trial. Lewis explained that he lived at ---- with Robinson, but Applicant paid the rent. Lewis explained that his brother Michael Lewis had lived at ---- until he had an argument with Applicant. Lewis stated that ---- became available, and Applicant moved to ----. Lewis testified that he would sell crack out of ----for Applicant in exchange for crack to smoke and a place to live. Lewis stated that Applicant would make the crack. Lewis added that they would use the walkie-talkies to communicate.

Robinson also testified at trial. Robinson stated that he had begun doing yard work for Applicant at ---- and he ended up staying there. Robinson explained that Applicant would fill up a coffee jar with crack and he and Lewis would sell the drugs at ----. Robinson also testified that Applicant would make the crack.

(Tr. 385-387).

The PCR judge concluded as follows with regard to this issue of ineffective assistance of counsel:

> Applicant argues that Counsel failed to conduct an independent investigation. Applicant asserts that additional investigation could have led to a finding that the search warrants were not valid. Applicant asserts that Counsel should have moved to dismiss the case on the basis that the search warrant was not valid. Applicant testified that he thought the charges in Sumter had been dropped. Applicant stated that he found out that the charges were still pending following an arrest in Lexington County in September 2005. Applicant testified that he had spoken with Counsel in January 2006. Applicant testified that Counsel had told him he was supposed to have a trial March 4, 2006, but that March 4, was a Saturday. Applicant further testified that Counsel called him on March 6 and asked where he was. Applicant testified that Counsel had also contacted Applicant's brother-in-law. Applicant stated that he was in Virginia at the time of the trial and could not attend.
>
> Counsel testified that he had spoken to Applicant numerous times. Counsel recalled that Applicant had faced Federal charges from this incident. However, following a hearing in Federal court, the money found on Applicant's person at the time of his arrest was excluded, and the Federal case was ultimately dismissed without prejudice. Counsel ordered the transcript of that hearing. Counsel testified that he explained to Applicant "over and over" that the Federal case had been dismissed without prejudice, meaning that charges could still be brought. Counsel testified that he had even explained this to a family friend of Applicant's.
>
> At the outset of trial, Counsel moved successfully to suppress evidence taken from Applicant's person at the time of his arrest. (Tr. pp 22-23). Counsel based his argument for suppression on the Federal court transcript he had obtained. The trial judge reviewed the Federal transcript and concluded that the marked bills seized from Applicant's person at the time of his arrest should be suppressed in accordance with the Federal ruling on the issue. The trial court noted that no ruling had been made on the validity of the search warrant in the Federal court. Counsel then moved to suppress the jar of crack cocaine from 5650 on the basis that the search warrant was invalid. Following testimony from officers, the trial court found that there was probable cause for the search warrant at ----. (Tr. pp. 34-75).
>
> Counsel testified that he found out on Friday, March 3, that the case would be called for trial on Monday, March 6, 2006. Counsel recalled that Applicant called him on Friday, March 3, and Counsel told him the case could be called on Monday. Counsel further recalled that when he spoke to Applicant by telephone on Monday, March 6, 2006, Applicant said that he could not come but would send a family member.

15

>Counsel believed that two family members had appeared toward the end of the trial. Counsel testified that he had spoken to two law enforcement officers, Donald Vickers and Allen Dailey, about the case in preparation for trial.
>
>Counsel successfully moved to suppress the currency obtained as a result of Applicant's arrest. Counsel was able to present the transcript from the Federal hearing in Applicant's absence. Counsel also moved to suppress the evidence obtained as a result of the search warrant. However, that motion was unsuccessful. When Applicant did not appear for trial, Counsel had no additional testimony to present in support of the motion to suppress. To extent that Applicant argues that the trial court's ruling on the motion was incorrect, such allegation would be inappropriate for PCR. S.C. Code Ann. 17-27-20(b); Simmons v. State, 264 S.C. 417, 215 S.E.2d 883 (1974); Ashley v. State, 260 S.C. 436, 196 S.E. 2d 501 (1973) (issues that could have been raised at trial or on direct appeal can not be raised at PCR).
>
>To the extent that Applicant asserts that Counsel should have done additional investigation regarding the validity of the search warrant, I find such allegation to be without merit. I find Counsel's testimony credible. Applicant's arrest warrant in this case was based on evidence procured as a result of the search warrant executed at ----. Counsel made the appropriate motions to suppress evidence obtained as a result of the search warrant at ----. Counsel did not have the benefit of any testimony that Applicant could have offered because Applicant did not appear at trial after receiving phone calls from his attorney. Further, Applicant has presented no additional evidence that could have been discovered through additional investigation. "Failure to conduct an independent investigation does not constitute ineffective assistance of counsel when the allegation is supported only by mere speculation as to the result." Moorehead v. State, 329 S.C. 329, 334, 496 S.E.2d 415, 41 (1998). For these reasons, I find that Counsel's performance was well within reasonable professional norms. Moreover, Applicant has failed to demonstrate prejudice, as he has not offered any additional evidence that could have been procured through additional investigation.

(Tr. 387-389).

The PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; and did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra.  The PCR court found counsel's testimony

16

credible. At trial, trial counsel presented the federal court transcript which he had obtained and argued for suppression of the evidence. Counsel was successful in his motion to suppress evidence taken from Petitioner's person at the time of his arrest, i.e., the marked bills seized at the time of his arrest. (Tr. 22-33). Counsel also moved to suppress the jar of crack cocaine on the basis that the search warrant was invalid, but the trial judge found probable cause for the search warrant after taking testimony. (Tr. 34-75). Petitioner did not appear for trial so counsel could not offer his testimony in support of the motions to suppress. Even assuming, *arguendo*, that counsel was ineffective in failing to conduct additional investigation regarding the validity of the search warrant, Petitioner has failed to show prejudice in that he has not presented any additional evidence that could have been discovered through additional investigation. Petitioner's allegations are mere speculation. Additionally, trial counsel testified at PCR that there also were two witnesses against Petitioner, one being his Uncle, who testified that the entire scheme was Petitioner's and that he was the one that cooked the drugs. (App. 363-364). Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra; Wilson v. Moore, supra. The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. Further, based on the above, those findings are neither contrary to, nor involve an unreasonable application of, clearly established federal law and this court must defer to it. 28 U.S.C. § 2254(d)(1); Williams v. Taylor, supra. Accordingly, the undersigned recommends that Respondents' motion for summary judgment be granted with respect to Grounds One, Two, Three, Four and Six.

GROUND FIVE

In Ground Five, Petitioner alleges that trial counsel was ineffective for failing to move to dismiss the indictment based upon the illegal arrest as a result of the lack of probable cause to search. As set forth above, the state court's findings that there was probable cause for the search warrant with regard to the jar of crack cocaine[2] and counsel was not ineffective were not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; and did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra.[3] Thus, Petitioner's argument that counsel committed error for not moving to quash the indictment based on his assertion of lack of probable cause where the state court rejected the motion to suppress for lack of probable cause, is without merit. Additionally, to the extent Petitioner asserts the failure to investigate resulted in the indictment not being dismissed, the allegation fails as Petitioner merely includes his own conclusory statement to support such a claim. Accordingly, it is recommended that summary judgment be granted with respect to Ground Five.

---

[2] Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra; Wilson v. Moore, supra. The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record.

[3] Generally, also, deficiencies in state court indictments "are not ordinarily a basis for federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process." Ashford v. Edwards, 780 F.2d 405, 407 (4th Cir. 1985). To the extent Petitioner is challenging the court's jurisdiction, jurisdiction is a non-cognizable state law issue. See Wright v. Angelone, 151 F.3d 151, 156-158 (4th Cir.1998).

## **CONCLUSION**

Based on the above reasoning, it is RECOMMENDED that Respondent's motion for summary judgment (docket entry #28) be GRANTED and the Petitioner's Petition for Writ of Habeas Corpus be denied, and the petition dismissed without an evidentiary hearing.

It is FURTHER RECOMMENDED that Petitioner's motion for default judgment (doc. #16) be denied.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 14 , 2013
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**