IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Herbert Lee Bell, | ) | Civil Action No.: 4:12-cv-02555-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Michael McCall, Warden of Lee Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) ) | |

Petitioner, a state prisoner proceeding *pro se*, initiated this suit by filing his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus on September 5, 2012. [§ 2254 Petition, Doc. # 1.] This matter is now before the Court with the Report and Recommendation ("R&R") of United States Magistrate Thomas E. Rogers, III[1] filed on May 14, 2013. In his R&R, the magistrate recommends that Petitioner's Motion for Default Judgment be denied,[2] Respondent's Motion for summary Judgment be granted and the § 2254 Petition be dismissed. Petitioner timely filed objections to the R&R.

**Background**[3]

Petitioner, who was convicted after a trial *in abstentia* for trafficking in crack cocaine in an amount greater than 200 grams but less than 400 grams, is currently incarcerated at Lee Correctional

---

[1] This matter was referred to Magistrate Judge Rogers pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C.

[2] Petitioner did not object to the denial of his Motion for Default Judgment. For the reasons stated by the magistrate the Court agrees that this Motion should be denied.

[3] The facts of this case, including citations to the record, are discussed thoroughly in the magistrate's R&R. [*See* R&R, Doc. # 35.]

Institution in Bishopville, South Carolina. In his § 2254 Petition, Petitioner raises the following grounds for relief:[4]

- **Grounds One–Four, and Six**: Trial counsel was ineffective for not performing further investigation for the validity of his arrest including additional witnesses whose testimony would have allegedly supported the absence of probable cause to arrest. Petitioner further alleges that further investigation would have resulted in the suppression of all evidence; and

- **Ground Five**: Trial counsel was ineffective for failing to move to dismiss the indictment based upon the illegal arrest as a result of the lack of probable cause to search.

[R&R, Doc. # 35, at 7–8, 11, 18 (citing to § 2254 Petition).]

On February 7, 2013, Respondent filed an amended motion for summary judgment, along with a return and memorandum in support. Because Petitioner is proceeding *pro se*, the magistrate entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on February 11, 2013, advising Petitioner of the motion for summary judgment procedures and the possible consequences if he failed to adequately respond. Petitioner filed a response in opposition to the summary judgment motion.

### Standard of Review

The magistrate makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate, or

---

[4] The magistrate, without objection from either party, consolidated Petitioner's grounds for relief as many were repetitive.

recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the magistrate's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Applicable Law

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court held that to establish ineffective assistance of counsel, a petitioner must show deficient performance and resulting prejudice. Counsel renders ineffective assistance when his performance "[falls] below an objective standard of reasonableness," but there is a "strong presumption" that counsel's performance was professionally reasonable. *Id.* at 688–89. Prejudice requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

## Discussion

The Court reiterates that it may only consider objections to the R&R that direct this Court to a specific error. *See* Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th

Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Petitioner's objections do not appear to take issue with any specific finding in the R&R – Petitioner merely rehashes his initial arguments before the magistrate, simply states background facts, or states the applicable law of the case. None of the objections offered by Petitioner meet the applicable standard set above as they contain no basis for the objections or contain no additional argument beyond what is found in Petitioner's pleadings. These issues were correctly addressed by the magistrate.

Nonetheless, out of an abundance of caution, and mindful of this Court's obligation to liberally construe *pro se* pleadings, this Court has nonetheless conducted a *de novo* review of the R&R and will briefly address Petitioner's objections.

**I.    Grounds One–Four, and Six**

Petitioner spends the bulk of his supposed objections rearguing the merits of his claims in Grounds One–Four, and Six. These objections fall within two basic categories.

First, Petitioner argues, as he has at virtually every stage of his case, that his counsel was ineffective for not moving to suppress the drug evidence in his case, and not moving to do so on the basis of certain Constitutional violations. [*See* Obj., Doc. # 37, at 1, 2, 4–5.] These issues were addressed by both the Post-Conviction Relief ("PCR") court, to which this Court owes considerable

deference, as well as the magistrate. The magistrate explained as follows:

> The PCR court found counsel's testimony credible. At trial, trial counsel presented the federal court transcript which he had obtained and argued for suppression of the evidence. Counsel was successful in his motion to suppress evidence taken from Petitioner's person at the time of his arrest, i.e., the marked bills seized at the time of his arrest. Counsel also moved to suppress the jar of crack cocaine on the basis that the search warrant was invalid, but the trial judge found probable cause for the search warrant after taking testimony. Petitioner did not appear for trial so counsel could not offer his testimony in support of the motions to suppress. Even assuming, *arguendo*, that counsel was ineffective in failing to conduct additional investigation regarding the validity of the search warrant, Petitioner has failed to show prejudice in that he has not presented any additional evidence that could have been discovered through additional investigation. Petitioner's allegations are mere speculation. Additionally, trial counsel testified at PCR that there also were two witnesses against Petitioner, one being his Uncle, who testified that the entire scheme was Petitioner's and that he was the one that cooked the drugs. . . . [T]hose findings are neither contrary to, nor involve an unreasonable application of, clearly established federal law and this court must defer to it.

[R&R, Doc. # 35, at 16–17 (citing numerous portions of the record).] The Court agrees with the magistrate's findings, particularly in light of the deference this Court must afford the PCR court. *See* 28 U.S.C. §2244(e)(1). To the extent Petitioner claims that his counsel should have made different arguments in support of suppression, the Court again notes that Petitioner was not present at these proceedings. Even assuming Counsel failed to make Petitioner's desired arguments and that failure constituted ineffectiveness, there is no prejudice because Petitioner was not available to testify as to their validity.

Second, Petitioner argues that both the magistrate and the PCR court "failed to take pertinent facts into consideration" and "relied on irrelevant facts." [*See* Obj., Doc. # 37, at 3–4.] This argument is without merit. One, Petitioner offers nothing other than mere speculation as to how the facts relied on by the PCR court (which were in turn used by the magistrate) were either impertinent or irrelevant. Two, as discussed thoroughly by the magistrate, if a claim was properly presented to

the state court and the state court adjudicated it, the deferential standard of review set forth in 28 U.S.C. § 2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1),(2); *see also Williams v. Taylor*, 529 U.S. 362, 398 (2000). Petitioner has simply made no showing that the PCR court made an unreasonable determination in light of the facts before it and his objections as to Grounds One–Four, and Six are overruled.

## II.     Ground Five

As to Ground Five, the magistrate found that Petitioner's argument that counsel committed error for not moving to quash the indictment based on his assertion of lack of probable is without merit for the same reasons counsel was not ineffective as outlined in Grounds One–Four, and Six. Although couched as an objection, Petitioner agrees by stating that "[t]he merits of Ground Five can not be determined without the basis of Grounds One–Four and Six being proven." [Obj., Doc. # 37, at 5.] The Court agrees that summary judgment is appropriate on Ground Five for the reasons discussed by the magistrate.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484

(2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

## Conclusion

The Court has thoroughly analyzed the entire record, including the R&R, objections to the R&R, and the applicable law. The Court has further conducted the required review of all of Petitioner's objections and finds them without merit. For the reasons stated above and by the magistrate judge, the Court hereby overrules all of Petitioner's objections and adopts the R&R. Accordingly, Petitioner's Motion for Default Judgment [Doc. # 16] is **DENIED**, Respondent's Motion for Summary Judgment [Doc. # 28] is **GRANTED** and the § 2254 Petition is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
August 20, 2013